**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA**

**SCOTTY EMMANUEL MOORE,**

    **Plaintiff,**

**vs.**                             **//////**        **CIVIL ACTION NO. _____**

**BRITTANY MEADOWS and**                **Judge _____**
**SCHNEIDER NATIONAL CARRIERS, INC.,**

                                    **Jury Trial Endorsed Hereon**
    **Defendants.**

## DEFENDANT, BRITTANY MEADOWS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Brittany Meadows, by and through counsel, Melvin F. O'Brien, Esq. and the firm of Dickie, McCamey & Chilcote, L.C., and for her Answer and Affirmative Defenses to Plaintiff's Complaint, states and avers as follows:

I

This Defendant lacks sufficient information to either admit or deny the allegations of Paragraph I of the Complaint.

II

This Defendant admits on information and belief that she resided in Wheelersburg, Scioto County, Ohio, at the time of the subject accident.

III

The allegations of Paragraph III are denied.

IV

This Defendant lacks sufficient information to either admit or deny the allegations of Paragraph IV of the Complaint because it seeks a conclusion of law. This Defendant admits

that the accident occurred in Raleigh County, West Virginia. To the extent a response is required, and further, to the extent the allegations of Paragraph IV could be construed to allege or infer negligent or otherwise actionable conduct on the part of this answering Defendant, said allegations are denied.

V

This Defendant admits that on November 5, 2016, she was the operator of a 2016 Freightliner truck tractor, and was travelling on Robert C. Byrd Drive approaching the intersection of Robert C. Byrd Drive and Prince Street, in or near Beckley, West Virginia. The remaining allegations of Paragraph V are denied.

VI

The allegations of Paragraph VI are denied as stated.

VII

The allegations of Paragraph VII are admitted.

VIII

This Defendant lacks sufficient information to either admit or deny the entity that actually owns the 2016 Freightliner truck tractor that she was operating at the time of the subject accident.    This Defendant admits that she was employed by Schneider National Carriers, Inc. at the time of the accident and was acting in her capacity as an employed driver. The remaining allegations of Paragraph VIII of the Complaint are denied.

IX

The allegations of Paragraph IX are denied.

X

The allegations of Paragraph X are denied.

2

## XI

The allegations of Paragraph XI are denied.

## XII

The allegations of Paragraph XII are denied.

## XIII

The allegations of Paragraph XIII are denied.

## XIV

The allegations of Paragraph XIV, including all separate and discreet subparts, are denied.

## XV

The allegations of Paragraph XV, including all separate and discreet subparts, are denied.

## XVI

The allegations of Paragraph XVI are denied.

## XVII

The allegations of Paragraph XVII, which appears to be Plaintiff's demand, are denied.

## XVIII

The allegations of Paragraph XVIII are denied.

This Defendant hereby denies each and every additional allegation in the Plaintiff's Complaint not heretofore specifically admitted or denied.

To the extent that Plaintiff's prayer for relief alleges and/or infers any negligence on the part of this Defendant, said allegations and/or inferences are specifically denied. It is further denied that Plaintiff is entitled to any relief whatsoever from this Defendant.

## AFFIRMATIVE DEFENSES

The following defenses are raised to the extent that discovery reveal the same to be appropriate. If discovery should reveal the same to be inapplicable, they will be abandoned prior to the trial of this matter.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint may fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitation and/or repose, or the doctrines of waiver, estoppel, unclean hands, and/or laches.

## THIRD AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff may have assumed the risk of injuries and damages of which Plaintiff complains, and, if so, Plaintiff's cause of action may be barred by the doctrine of assumption of risk.

## FOURTH AFFIRMATIVE DEFENSE

Defendant avers that the Plaintiff may have been guilty of negligence which proximately caused and/or contributed to the injuries and damages of which Plaintiff complains and that as such Plaintiff's claims may be barred by the doctrines of contributory and/or comparative negligence.

4

## FIFTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff should be reduced in proportion that the acts or omissions of Plaintiff, other parties, and/or individuals and/or entities bear to the acts or omissions which caused Plaintiff's alleged injuries.

## SIXTH AFFIRMATIVE DEFENSE

In the event that it is judicially determined that Plaintiff sustained injuries and damages as alleged, all of which is specifically denied, then the injuries and damages may have been proximately caused by the intervening and superseding act of third persons and/or parties over whom Defendant has no control and for whom Defendant is not liable.

## SEVENTH AFFIRMATIVE DEFENSE

If it is judicially determined that this Defendant was negligent, which is specifically denied, then it is averred that Plaintiff's alleged injuries may have been the result of pre-existing and/or subsequent medical injuries or conditions unrelated to the instant action which acts to mitigate or eliminate any and all claims against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that it is judicially determined that Plaintiff has sustained injuries and damages as alleged, all of which is specifically denied, then it is averred that the failure of the Plaintiff to mitigate damages for the alleged injuries acts to bar the instant claims against Defendant.

## NINTH AFFIRMATIVE DEFENSE

Any negligence or breach of any duty by Defendant, which negligence or breach of duty is specifically denied, may not have been the proximate cause of the injuries and damages alleged in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

Defendant breached no duty to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The instant claim may be barred to the extent that Plaintiff's injuries and damages, if any, resulted from the conduct of persons or entities not within the control of Defendant and for whom Defendant is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has received, are receiving, are entitled to receive, or subsequently receive or become entitled to receive any recovery, compensation, or benefits from any source in connection with the injuries alleged in the Complaint, the amount of damages, if any, which may be recoverable herein, should be diminished by the amount of such recovery, compensation or benefits.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join feasible and necessary parties to afford a just adjudication of the causes of action alleged in the Complaint which is required by the West Virginia Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's Complaint seeks punitive and/or exemplary damages, this Defendant asserts that such claims for punitive and/or exemplary damages violate its constitutional rights to due process under the United States Constitution because such claims create an unnecessary and undue risk of improper verdict on the issue of liability, on the measure of damages, on the issue of punitive damages, and on the measure of punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's Complaint seeks punitive and/or exemplary damages, this Defendant asserts that such claims for punitive and/or exemplary damages violate its rights to procedural due process and constitute "excessive fines." Plaintiff's claims in this regard are unconstitutional and, therefore, barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages violates the guarantee of due process found in the United States Constitution because of the lack of objective guidelines upon which a finder of fact might base its award and, further, because the guidelines which do exist are arbitrary and void for vagueness.

## SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are unavailable in this case based on the absence of actual malice as required by West Virginia law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts all remaining affirmative defenses contained in the West Virginia Rules of Civil Procedure, as they may be applicable under the facts to be developed in this case.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all other affirmative defenses which discovery may reveal appropriate.

7

**WHEREFORE**, Defendant, Brittany Meadows prays that upon a final hearing hereof, the Court dismiss the Plaintiff's Complaint against Defendant and grant this Defendant any costs incurred and such other relief to which she may show herself justly entitled.

## DEMAND FOR TRIAL BY JURY

Defendant respectfully requests that this matter be tried before a jury.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, L.C.

By: _____

Melvin F. O'Brien, Esquire (WV #6797)
2001 Main Street, Suite 501
Wheeling, WV 26003
Phone: 304 233-1022
Fax: 304-233-1026
E-mail: mobrien@dmclaw.com

*Counsel for Defendant, Brittany Meadows*

8

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA**

SCOTTY EMMANUEL MOORE,

      Plaintiff,

vs.                             //////       CIVIL ACTION NO. _____

BRITTANY MEADOWS and                 Judge _____
SCHNEIDER NATIONAL CARRIERS, INC.,

                                          **Jury Trial Endorsed Hereon**

      Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on the ___ day of September, 2017, , I electronically filed the foregoing *Defendant, Brittany Meadow's Answer and Affirmative Defenses to Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Dwight J. Staples, Esq.
HENDERSON , HENDERSON & STAPLES, L.C.
711 Fifth Avenue
Huntington, WV 25701
*Counsel for Plaintiff*

DICKIE, MCCAMEY & CHILCOTE, L.C.

By: _____
     Melvin F. O'Brien, Esquire (WV #6797)
     2001 Main Street, Suite 501
     Wheeling, WV 26003
     Phone: 304 233-1022
     Fax: 304-233-1026
     E-mail:  mobrien@dmclaw.com

*Counsel for Defendant, Brittany Meadows*

6118131.1